UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON, #753595,

    Plaintiff,

v.

CASE NO. 2:12-CV-12878
HONORABLE DENISE PAGE HOOD

OFFICER KUEHNE, et al.,

    Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

    Michigan prisoner Darren Johnson ("Plaintiff"), currently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against two employees at the Cooper Street Correctional Facility in Jackson, Michigan. In his complaint, he challenges prison misconduct violations that resulted in a 20-day loss of privileges and alleges a violation of his constitutional rights. He sues the defendants, Officer Kuehne and Assistant Resident Unit Officer Holben, in their personal and official capacities and seeks monetary damages for mental distress and psychological injury. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this civil rights action. *See* 28 U.S.C. § 1915(a)(1).

**II. DISCUSSION**

    Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress

against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In this case, Plaintiff challenges his prison disciplinary proceeding and resulting 20-day loss of privileges. He first asserts a violation of his Eighth Amendment right to humane treatment and living conditions. To state an Eighth Amendment claim, a prisoner must allege that the offending conduct constitutes an "unreasonable and unwanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that the pain be serious or concern the deprivation of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). The subjective component requires that the offending conduct be intentional or deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Wilson*, 501 U.S. at 301-03.

It is well-settled that placement in administrative segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Plaintiff's loss of privileges was no more restrictive than placement in administrative segregation. His loss of privileges for 20 days does not reflect the infliction of serious pain nor fall beneath the minimal civilized measure of life's necessities. *See Wilson v. Wilkinson*, 191 F.3d 454 (table), 1999 WL 777634, *1-2 (6th Cir. Sept. 17, 1999) (unpublished opinion denying relief on similar claim); *see also Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, *8 (6th Cir. Aug. 23, 2000) (unpublished opinion dismissing similar claim where prisoner did not show that he was denied basic needs). Plaintiff has neither alleged nor established that the loss of privileges resulted in the deprivation of basic necessities. He has thus failed to state a claim upon which relief may be granted as to this issue.

Plaintiff also asserts a violation of his due process rights. Plaintiff admits that he was given notice, a hearing, and an opportunity to be heard on the misconduct charges, but claims that his requests to interview prison employees and review security camera footage were denied. A prisoner, however, has no liberty interest in remaining free of disciplinary or administrative segregation, as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (30 days in administrative segregation did not constitute atypical and significant hardship); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (2½ years in segregation during riot investigation did not deprive prisoner of liberty interest without due process). The same is true for a loss of privileges. *See, e.g., Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause). In other words, while the Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law, the "mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir.1995).

The only sanction imposed on Plaintiff was a loss of privileges for 20 days. Such a loss of privileges does not constitutes an "atypical and significant hardship" which triggers due process procedures normally associated with more serious forms of prison discipline such as the loss of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 571 n .19 (1974) ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges.); *see also Taylor v. Heisler*, No. 05-CV-60281-AA, 2006 WL 47435, *2 (E.D. Mich. Jan. 9, 2006) (citing *Wolff* and denying relief on similar claim). Plaintiff has thus failed to state a claim upon which relief may be

4

granted as to this issue.

Lastly, Plaintiff's complaint is subject to dismissal because the Court cannot grant him the relief he requests. Plaintiff only seeks monetary damages for mental distress and psychological injury. The PLRA specifically provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). This bar applies to statutory and constitutional claims. *See Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). Plaintiff does not allege that he suffered physical injury resulting from the disputed conduct. Consequently, the Court cannot award him monetary damages. His complaint must therefore be dismissed.

### III. CONCLUSION

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint and seeks relief which is unavailable to him in this action. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

Dated:  July 31, 2012                                S/Denise Page Hood
                                                                        Denise Page Hood
                                                                        United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2012, by electronic and/or ordinary mail.

                                                                        S/LaShawn R. Saulsberry
                                                                        Case Manager